**KINGSLEY & KINGSLEY, APC**
**ERIC B. KINGSLEY, ESQ., SBN-185123**
eric@kingsleykingsley.com
**LIANE KATZENSTEIN LY, ESQ., SBN-259230**
liane@kingsleykingsley.com
16133 Ventura Blvd.., Suite 1200
Encino, CA 91436
(818) 990-8300, Fax (818) 990-2903

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA APARICIO, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ABERCROMBIE & FITCH STORES, INC.; and DOES 1 to 50, Inclusive, <br><br> Defendants. | **CASE NO. CV13-09209-MMM (Ex)** <br><br> PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER <br><br> **Judge: Margaret M. Morrow** <br> **Courtroom: 780** |

Plaintiff filed this class action lawsuit in Los Angeles County on January 16, 2013. Almost immediately after filing, the Parties began discussing settlement. (Declaration of Eric B. Kingsley, ¶3). (hereafter "Decl. Kingsley"). Plaintiff raised the option of mediation, but Defendant urged Plaintiff to make a demand instead. (Decl. Kingsley, ¶4). Defendant provided Class Counsel with data in an excel spreadsheet to facilitate this demand. (Decl. Kingsley, ¶4). This spreadsheet included the start and end dates of each of the 6,337 Class Members, the eligible

1
**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER**

shifts worked by each Class Member[1], and the applicable hourly rates for each Class Member. (Decl. Kingsley, ¶5). This spreadsheet permitted Class Counsel to accurately estimate the number of rest period violations. (Decl. Kingsley, ¶6). It did not permit Class Counsel to accurately estimate the waiting time penalties (Labor Code § 203) or the penalties pursuant to Labor Code § 2699 ("PAGA"). (Decl. Kingsley, ¶7).

Based on the data provided by Defendant, Plaintiff complied with Defendant's request, and Class Counsel made a settlement demand for $16,885,029.30. (Decl. Kingsley, ¶8). This number, while based on some of the necessary data, was not a reasonable estimate of the damages. (Decl. Kingsley, ¶9). It was simply an optimistic assumption of what the damages would be if each Class Member worked a full eight hour shift (an assumption that has been proven false with further investigation) and if each pay period included a rest period violation (an assumption that is clearly untrue based on the data). Class Counsel's demand was simply an attempt to get the settlement ball rolling. (Decl. Kingsley, ¶9). Class Counsel assumed that Defendant would counter this demand by providing Class Counsel with the actual average shift length worked by the Class (a number only Defendant has in its custody and control) and the number of pay periods with a violation for each Class Member (for PAGA purposes).

Instead, Defendant promptly filed a notice of removal based on the Class Action Fairness Act arguing that this unsubstantiated demand meant to facilitate a dialogue established that the amount in controversy exceed $5,000,000.00. Defendant's only support for removal is an inflated and overly optimistic demand

---

[1] This is a rest period action based on the fact that Defendant's rest period policy does not inform the Class Members that they are entitled to a rest period for each four hour period worked **or major fraction thereof**. Defendant failed to include this fractional language in its policy. As such, eligible shifts are defined as only those shifts between 3.5 hours and 4 hours, 6 hours and 8 hours, 10 hours and 12 hours, etc.

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER**

1  and its own unreasonable assumptions regarding the average shift length in the Class
2  Period. As such, Defendant's Motion for Removal should be denied and this case
3  should be remanded.

4

5  **I.  THE AMOUNT IN CONTROVERSEY IS NOT BASED ON A
6  REASONSABLE ESTIMATE OF THE DAMAGES**

7  **A.  THE WAITING TIME PENALTIES ESTIMATED BY CLASS
8  COUNSEL AND DEFENDANT ARE NOTHING MORE THAN
9  OPTIMISTIC ASSUMPTIONS**

10  The demand made by Plaintiff estimated the Labor Code § 203 penalties at
11  $7,105,934.40. (Decl. Kingsley, ¶10). As the Court correctly noted in its Order,
12  this estimate was based on each Class Member working an average of eight hours a
13  day. (Decl. Kingsley, ¶10). In actuality, subsequent conversations with Class
14  Members have revealed that most of the Class appears to be part time, and most of
15  their shifts are under four hours in length. (Decl. Kingsley, ¶11). Some of the Class
16  Members work shifts as little as 2 hours in length. As such, the demand for Labor
17  Code § 203 penalties was an over-inflated, optimistic, prediction made as part of a
18  settlement demand and not as a reasonable estimate.

19  Furthermore, Defendant makes assumptions in its Response to the Court's
20  Order regarding the average shift length worked by the Class that are also spurious,
21  because in order to accurately estimate the shift length for the Class, we would need
22  to know the length of each shift worked by each Class Member during the entire
23  Class Period (a data point that does not exist in the record). Defendant simply
24  estimates the shift length based on the eligible shifts and not based on all of the
25  shifts worked by the Class Members. This excludes shifts of less than 3.5 hours in
26  length entirely from the analysis, a shift length that appears to be quite common
27  amongst the part time Class. Defendant has access to this information, but failed to
28

2

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER**

include it in its Motion for Removal or its Opposition. The figure included by Defendant in its Opposition is only a guess, and it is not a reasonable estimate. As such, it does not remove any of the uncertainty surrounding the damage estimate.

Given that the burden is on Defendant to "actually prove" the jurisdictional amount, the case should be remanded. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Defendant has failed to meet its burden.

**B.     THE PAGA ESTIMATE PROVIDE BY CLASS COUNSEL AND RELIED UPON BY DEFENDANT IS NOTHING MORE THAN AN OPTIMISTIC ASSUMPTION**

In Plaintiff's damage model, Plaintiff apportioned $8,997,000 in PAGA penalties. (Decl. Kingsley, ¶12). Defendant accurately points out that Plaintiff did not provide the basis for this assumption. (Decl. Kingsley, ¶12). However, Defendant uses this admittedly unrealistic and unsubstantiated number as its basis for removal. As the Court noted in its Order, and as case law makes clear, a settlement letter can only be used as the basis of removal if it is a reasonable estimate and is not inflated for settlement purposes. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428–30 (7th Cir.1997)). Plaintiff did not provide Defendant with the method for how the PAGA penalty component of the settlement offer was calculated. The reason for this lack of evidence is that Plaintiff did not have the data necessary to accurately determine the PAGA penalties. (Decl. Kingsley, ¶12).

In order to reasonably estimate the PAGA penalties available to the Class, one would have to determine the number of pay periods with a rest period violation for each of the 6,337 Class Members during the one year Class Period. (Decl. Kingsley, ¶13). Class Counsel did not perform this analysis (and neither did Defendant). In fact, Defendant never provided Class Counsel with a list of the corresponding pay periods during the Class Period.

2

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER**

1 Class Counsel simply attributed a violation for each pay period in the one year Class Period for each of the 6,337 Class Members. (Decl. Kingsley, ¶14). This number is clearly and irrefutably over-inflated. A cursory review of the data provided by Defendant reveals that many of the Class Members only had one or two violations during the Class Period. (Decl. Kingsley, ¶15). Some of these minimal violations even occurred in the same pay period. (Decl. Kingsley, ¶15). The number presented by Plaintiff was simply an attempt to get the settlement ball rolling. Class Counsel assumed that a counter-offer from Defendant would have pointed out this over-inflated number, but no counter offer appeared.

Defendant simply adopts Plaintiff's PAGA analysis (an analysis it admits it does not understand or have any information on). This adoption cannot be the basis for a removal petition, because Defendant did not present evidence that it is more likely than not that the amount in controversy his met. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683-84 (9th Cir. 2006).

Plaintiff's demand was in no way a reasonable estimate of the damages. As opening offers often are, Plaintiff's demand was overly optimistic and was made with the expectation that Defendant would attack the numerous assumptions with cold-hard data. Defendant did not provide any evidence of the actual PAGA damages. As such, the case should be remanded.

**C. THE ACTUAL AMOUNT IN CONTROVERSY CLEARLY FALLS BELOW THE FIVE MILLION DOLLAR THRESHOLD**

The only number in Plaintiff's demand that was a reasonable estimate of damages was the value apportioned to the rest period penalties. This number comes to $682,848.08. (Decl. Kingsley, ¶16). Plaintiff was unable to determine the value of the Labor Code § 203 penalties and Defendant, despite having access to the full data, makes only blanket assumptions. These blanket assumptions are not enough for Defendant to meet its burden.

2

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER**

The PAGA penalties are equally indeterminable. Without information regarding the precise pay periods during the Class Period, Plaintiff cannot determine the number of pay periods with a violation for each Class Member. And Defendant, despite having access to all of the data, failed to perform this analysis. As such, Plaintiff does not have a reasonable basis for determining the penalties, and Plaintiff has not provided Defendant with a reasonable estimate of these penalties.

As such, the amount that Plaintiff reasonably estimated as part of her demand was the $682,848.08 in rest period penalties. When Class Counsel's fees (25% of the common fund) are added to this calculation, the amount in controversy reasonably provided to Defendant by way of Plaintiff's demand was $853,560.10. It is unclear from the evidence provided by Defendant during the discovery process and as part of its Opposition if the PAGA penalties and the Labor Code Section 203 penalties are enough to exceed the $5,000,000.00 threshold. As such, this case should be remanded.

DATED: February 25, 2014        KINGSLEY & KINGSLEY, APC


                                BY: /S/ LIANE KATZENSTEIN LY
                                    LIANE KATZENSTEIN LY
                                    Attorney for Plaintiff

2
**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER**