KINGSLEY & KINGSLEY, APC
ERIC B. KINGSLEY, ESQ., SBN-185123
eric@kingsleykingsley.com
LIANE KATZENSTEIN LY, ESQ., SBN-259230
liane@kingsleykingsley.com
16133 Ventura Blvd.., Suite 1200
Encino, CA 91436
(818) 990-8300, Fax (818) 990-2903

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA APARICIO, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ABERCROMBIE & FITCH STORES, INC.; and DOES 1 to 50, Inclusive, <br><br> Defendants. | CASE NO. CV13-09209-MMM (Ex) <br><br> DECLARATION OF ERIC B. KINGSLEY IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER <br><br> Judge: Margaret M. Morrow <br> Courtroom: 780 |

I, ERIC B. KINGSLEY, declare as follows:

1. I am an attorney licensed to practice before all of the courts of the State of California. I am the attorney of record for Plaintiff Jessica Aparicio in the above-entitled action. I have personal knowledge of the facts set forth herein, and if called upon as a witness, I could and would testify competently thereto.

2. Plaintiff filed this class action lawsuit in Los Angeles County on January 16, 2013.

3. Almost immediately after filing, the Parties began discussing settlement.

1

**DECLARATION OF ERIC B. KINGSLEY IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER**

4. Plaintiff raised the option of mediation, but Defendant urged Plaintiff to make a demand instead. Defendant provided Class Counsel with data in an excel spreadsheet to facilitate this demand.

5. This spreadsheet included the start and end dates of each of the 6,337 Class Members, the eligible shifts worked by each Class Member, and the applicable hourly rates for each Class Member. Attached hereto as Exhibit "1" is a true and correct copy of the cover letter describing the discovery produced by Defendant.

6. This spreadsheet permitted Class Counsel to accurately estimate the number of rest period violations.

7. It did not permit Class Counsel to accurately estimate the waiting time penalties (Labor Code § 203) or the penalties pursuant to Labor Code § 2699 ("PAGA").

8. Based on the data provided by Defendant, Plaintiff complied with Defendant's request, and Class Counsel made a settlement demand for $16,885,029.30.

9. This number was not a reasonable estimate of the damages. Class Counsel's demand was simply an attempt to get the settlement ball rolling.

10. The demand made by Plaintiff estimated the Labor Code § 203 penalties at $7,105,934.40. This estimate was based on each Class Member working an average of eight hours a day.

11. In actuality, subsequent conversations with Class Members have revealed that most of the Class appears to be part time, and most of their shifts are under four hours in length.

12. In Plaintiff's damage model, Plaintiff apportioned $8,997,000 in PAGA penalties. Plaintiff did not provide the basis for this assumption. The reason for this

2

DECLARATION OF ERIC B. KINGSLEY IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S
RESPONSE TO SHOW CAUSE ORDER

lack of evidence is that Plaintiff did not have the data necessary to accurately determine the PAGA penalties.

13. In order to reasonably estimate the PAGA penalties available to the Class, one would have to determine the number of pay periods with a rest period violation for each of the 6,337 Class Members during the one year Class Period. Class Counsel did not perform this analysis.

14. Class Counsel simply attributed a violation for each pay period in the one year Class Period for each of the 6,337 Class Members. This number is clearly and irrefutably over-inflated.

15. A cursory review of the data provided by Defendant reveals that many of the Class Members only had one or two violations during the Class Period. Some of these minimal violations even occurred in the same pay period.

16. The only number in Plaintiff's demand that was a reasonable estimate of damages was the value apportioned to the rest period penalties. This number comes to $682,848.08.

DATED: February 25, 2014             KINGSLEY & KINGSLEY, APC

                                     BY: /S/ ERIC B. KINGSLEY
                                         ERIC B. KINGSLEY
                                         Attorney for Plaintiff

# EXHIBIT "1"

52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008

614.464.6400 | www.vorys.com

Founded 1909

Natalie M. McLaughlin
Direct Dial   (614) 464-5452
Direct Fax   (614) 719-5252
Email nmmclaughlin@vorys.com

September 25, 2013

VIA CASE ANYWHERE

Eric B. Kingsley, Esq.
Liane Katzenstein Ly, Esq.
Kingsley & Kingsley, APC
16133 Ventura Blvd.
Suite 1200
Encino, CA  91436

Re:   *Jessica Aparicio v. Abercrombie & Fitch Stores, Inc., et al.*
      Case No. BC499281

Dear Counsel:

Enclosed please find three Excel spreadsheets containing the information requested by you in your July 31, 2013 correspondence:

(1) Employee Data: this chart includes the start and end dates for each putative class member. Individuals are identified by their employee identification number. Any entry that states "Null" means that the individual has not been terminated, at least as of the date that the data search was run.

(2) Eligible Shifts: this chart provides the daily hours worked for each putative class member during the proposed class period (February 26, 2012 to April 8, 2013). Individuals are identified by employee identification number. This includes all hours worked by those individuals that fall in the identified categories of shift length. This chart also lists these individuals' job codes and titles.

(3) Hourly Rates: this chart provides the hourly rates for each putative class member. Individuals are identified by employee identification number. If their hourly rate changed during the period in question, they will be listed multiple times.

Columbus  |  Washington  |  Cleveland  |  Cincinnati  |  Akron  |  Houston



EXHIBIT 1

Eric B. Kingsley and Liane Katzenstein Ly
September 25, 2013
Page 2

      In pulling this data, we found that only 6,337 individuals had any time worked during the period that fell in the identified categories of shift length. Therefore, we have just provided information for those 6,337 individuals who worked during the class period in the identified categories.

      By producing this data, Defendant does not waive, and hereby expressly retains, all objections and defenses to class certification and/or class-wide discovery.

      Let us know if you have any questions or want to further discuss.

                      Very truly yours,

                        Natalie M. McLaughlin

NMM
Enclosures

cc:    Mark A. Knueve, Esq. (w/enclosures)
        Charles F. Barker, Esq. (w/enclosures)